Tom Parashos, Esq.  (SBN 135006)
Kristen N.  Gonzales, Esq. (SBN 275552)
SAN DIEGO LAW FIRM
2828 University Avenue, Suite 102
San Diego, CA 92104
Telephone: (619) 794-0243
Facsimile:  (619) 794-0253
Email: kgonzales@sandiegolawfirm.com

Attorneys for Plaintiffs,
DUCK DIVE, LP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCK DIVE, A California Limited Partnership<br><br>Plaintiff,<br><br>vs.<br><br>MICHAELINE HEYDARI, individually and doing business as THE DUCK DIVE and DUCK DIVE GASTORPUB, INC.; DUCK DIVE GASTORPUB, INC., a California Corporation, doing business as DUCK DIVE GASTROPUB or DUCK DIVE GASTROPUB MALIBU; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: '13CV1477 BTM BLM<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **COMMON LAW TRADEMARK INFRINGEMENT;**<br>3. **FALSE DESIGNATION OF ORIGIN (FEDERAL UNFAIR COMPETITION);**<br>4. **VIOLATION OF CAL. BUS. & PROF.  CODE § 17200;**<br>5. **UNJUST ENRICHMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DUCK DIVE, LP (hereinafter referred to as "DUCK DIVE" or

"Plaintiff") for the causes of action against Defendants MICHAELINE HEYDARI,

individually and doing business as THE DUCK DIVE and DUCK DIVE

GASTROPUB, INC. (hereinafter referred to as  "HEYDARI"); and DUCK DIVE

GASTROPUB, INC., a California Corporation), doing business as DUCK DIVE

GASTROPUB or DUCK DIVE GASTROPUB MALIBU (hereinafter referred to as

"DUCK DIVE GASTROPUB, INC.")(hereinafter HEYDARI and DUCK DIVE

MALIBU are sometimes collectively referred to as "Defendants"); and, DOES 1

through 50, inclusive and each of them, hereby alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for trademark infringement and federal unfair competition in violation of the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.*; common law trademark infringement, and state unfair competition in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, against Defendants, for their commercial use and exploitation of Plaintiff's "DUCK DIVE" trademarks on or in connection with gastropub/bar/restaurant services. Plaintiff hereby seeks (1) injunctive relief against Defendants' continued unauthorized and improper commercial use and exploitation of any trademark confusingly similar to Plaintiff's "DUCK DIVE" trademarks on or in connection with restaurant and/or bar services; and (2) all damages arising from Defendants past and present infringement and reimbursement of Plaintiff's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

2.     This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a); and 15 U.S.C. § 1121, because the claims stated herein arise under the law of the United States or are related to such claims and are part of the same case or controversy.

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and/or a substantial part of the property that is the subject of the action is situated in this District.

4.     The Court has personal jurisdiction over Defendants by virtue of Defendants commission of a tort in, or directed at this District.

## THE PARTIES

5.     At all times material hereto, DUCK DIVE is and has been a limited partnership existing under and by virtue of the laws of the State of California with its principal place of business located at 4650 Mission Boulevard, San Diego, CA

1  92109.

2      6.    Plaintiff is informed and believes, and on that basis alleges, that at all

3  times material hereto, HEYDARI is an individual intending to operate a

4  restaurant/bar under the name "The Duck Dive," with a principal address of 28955

5  Selfridge Drive, Malibu, CA 90265.  Plaintiff is further informed, believes, and

6  hereon alleges that HEYDARI is a principal member of Defendant, DUCK DIVE

7  GASTROPUB, INC., a California corporation doing buisness as DUCK DIVE

8  GASTROPUB or DUCK DIVE GASTROPUB MALIBU, and having a principal

9  address of 1880 Century Park East, Suite 1600, Los Angeles, CA 90067.  Plaintiff

10  is further informed, believes, and hereon alleges that Defendants are currently

11  operating a restaurant/bar /gastropub under a confusingly similar trade name as that

12  of Plaintiff's.

13      7.    The true names, identities, and capacities, whether individual,

14  associate, corporate or otherwise of Defendants DOES 1 through 50, inclusive, and

15  each of them (the "DOE Defendants"), are unknown to Plaintiff at this time, who

16  therefore sues the DOE Defendants by such fictitious names.  When the true names

17  and capacities or participation of the DOE Defendants are ascertained, Plaintiff

18  will amend this complaint to assert the true names, identities and capacities.

19  Plaintiff is informed, believes and thereon alleges that each of the DOE Defendants

20  sued herein is responsible for the wrongful acts alleged herein, and is therefor

21  liable to plaintiff in some manner for the events and happenings alleged in this

22  complaint.  Plaintiff is informed, believes, and hereon alleges that at all times

23  herein mentioned, the DOE Defendants were and are doing business and/or

24  residing in this District.

25         **FACTS COMMON TO ALL CAUSES OF ACTION**

26          ***Duck Dive.  LP and its Trademarks***

27      15.    Plaintiff DUCK DIVE owns and operates a widely-recognized

28  Gastropub/bar/ restaurant in San Diego, California under the name "DUCK DIVE."

For ease of reference only, throughout this complaint, the term "gastropub/bar/restaurant" shall simply be referred to as "Gastropub," as Merriam-Webster defines Gastropub as "a pub, bar or tavern that offers meals of high quality." In addition to its well-known Gastropub, DUCK DIVE also creates and distributes a line of men's and women's t-shirts and hats with their logo prominently displayed, in connection with its Gastropub. Among Plaintiff's successful brands is its stylized oval-shaped logo with a woman poised above a surfboard in the motion of a "duck dive," or the motion surfers perform to ensure they can successfully dive under a breaking wave while paddling out to reach more desirable waves.

16.    Plaintiff has engaged in extensive marketing and promotion of their DUCK DIVE trade name and logo and has enjoyed significant success in the highly competitive San Diego Gastropub market, in addition to the success they have enjoyed as a result of the sale of their men's and women's apparel.

17.    Due to Plaintiff's extensive use of its stylized logo and trade name, (collectively referred to herein as the "Duck Dive Marks"), Plaintiff has built up significant goodwill therein, and its services and branded merchandise have been recognized throughout the Gastropub industry and through various media outlets.

18.    Plaintiff has been operating its Gastropub since as early as March 2012, the date their Gastropub opened in San Diego. As a result of Plaintiff's substantial and continuous use, in addition to the substantial coverage by media outlets, the Duck Dive Marks have become immediately recognizable by consumers and the Gastropub industry.

19.    Also as a result of its use, Plaintiff has acquired broad common-law rights in these trademarks. In addition, Plaintiff has filed for U.S. federal trademark registrations for its design logo and "DUCK DIVE" name. The registration filings are identified below:

| Serial No. | Classification Type of Goods and Services |
|---|---|
| 85/889133 | IC 025; 043.  US 022 039; 100 101 |
| 85/888258 | IC 025; 043.  US 022 039; 100 101 |

20.   True and correct copies of the filings for registration listed above are attached hereto collectively as **Exhibit 1**.

### *Defendants' Unlawful Activities*

21.   Upon information and belief, DUCK DIVE GASTROPUB, INC., was formed as a California Corporation in January 2013.  Based upon HEYDARI's trademark filing with the United States Patent and Trademark Office for the standard character mark, "The Duck Dive," Plaintiff is informed and believes that HEYDARI may be the principal member of DUCK DIVE GASTROPUB, INC.

22.   Upon information and belief, Defendants own, operate, supervise, and manage the Gastropub, "Duck Dive Gastropub," located in Point Dume Plz., Malibu, California.  Plaintiff is informed, believes, and thereon alleges that Defendants' restaurant became operational on or about May 11, 2013.

23.   On information and belief, Defendants originally intended to operate their business under the name, "The Duck Dive." This is evidenced by their filing for federal trademark protection of the name "The Duck Dive." Their application was submitted for consideration on December 14, 2012, serial number 85/802943. Defendants' proposed Intent to Use trademark application was submitted  9 months after the Plaintiff's gastropub had already been fully operational and achieved substantial recognition in the industry.  Attached hereto as **Exhibit 2** is a true and correct copy of the filings for registration for Defendants' "The Duck Dive" mark. Plaintiff has subsequently filed an opposition to Defendants' mark before the Trademark Trial and Appeal Board (Opposition Number 91210128), to which Defendants' have yet to respond.

24.   Plaintiff is informed, believes, and thereon alleges that upon notifying

Defendants regarding their infringement, Defendants responded by filing an additional two applications for the standard character marks "Duck Dive Gastropub" and "Duck Dive Gastropub Malibu" with the USPTO as follows:

| Serial No. | Classification Type of Goods and Services |
|---|---|
| 85/897367 | IC 025; 043.  US 022 039; 100 101 |
| 85/890380 | IC 025; 043.  US 022 039; 100 101 |

25.     Upon information and belief, despite applying on an Intent to Use basis for only a standard character mark, Defendants are additionally using a stylized version of its lettering and logo, which evoke a substantially similar commercial impression to that of Plaintiff's logo and lettering.  Attached hereto as **Exhibits 3** and **4** are true and correct copies of Defendants' stylized logo and Plaintiff's stylized logo.  Notwithstanding the geographically descriptive and generic elements ("Malibu" and "Gastropub") added to Defendants' marks, Plaintiff is informed, believes, and thereon alleges that the use of an identical trade name, in conjunction with substantially similar trade dress and logos, is likely to and actually causing consumer confusion between Plaintiff's and Defendants' gastropubs.

26.     Furthermore, upon information and belief, Plaintiff is aware that as recently as on or about March 15, 2013, a Los Angeles online news outlet (la.eater.com) contacted Plaintiff for more information about their "second location." Despite a later-printed disavowment of any affiliation between Defendants' and Plaintiff's gastropubs, the original March article ran in an online publication citing the Malibu location as the Plaintiff's "second location." Attached hereto as **Exhibit 5**, is a true and correct copy of the online article referencing the "second location."  This has caused repeated calls and inquiries from Malibu residents asking about Plaintiff's new location.  Plaintiff is informed, believes, and thereon alleges that Defendants are aware of the news article, in addition to the

1   consumer confusion, yet continue to assert that they have the right to leech off of

2   Plaintiff's goodwill it has developed in its marks.

3       27.   Defendants are not authorized to use any of the Duck Dive Marks, any

4   colorable imitations thereof, any marks substantially indistinguishable from those

5   marks, or any marks confusingly or substantially similar thereto, to identify

6   Defendants' gastropub services or any other goods or services.

7       28.   Upon information and belief, Plaintiff alleges that at all relevant times,

8   Defendants were aware of Plaintiff's proprietary interest in the distinctive and

9   unique trademarks associated with Plaintiff's various stylized Duck Dive Marks

10  and willfully and intentionally copied Plaintiff's trademarks.

11  

**FIRST CAUSE OF ACTION**
**Trademark Infringement Under the Lanham Act**
12  **(Alleged Against All Defendants)**

13      29.   Plaintiff hereby incorporates by reference each and every allegation

14  contained in the paragraphs above as if fully stated herein.

15      30.   Defendants have begun to use in commerce, without Plaintiff's

16  consent, marks that so resemble Plaintiff's marks that is it not only likely to cause

17  confusion with respect to the source and origin of Defendants' products and

18  business, but has already caused confusion.  Further, Defendants' unauthorized use

19  of the substantially similar trademarks in connection with its gastropub services is

20  likely to cause confusion or mistake, and to deceive consumers as to the affiliation,

21  connection, or association of Plaintiff with Defendants and/or the marketing or sale

22  of its services.

23      31.   Defendants' acts constitute an infringement of Plaintiff's various

24  stylized Duck Dive Marks, in violation of the Lanham Act, 15 U.S.C. § 1114.

25      32.   As a direct and proximate result of Defendants' wrongful acts,

26  Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its

27  business reputation and goodwill.  Unless restrained, Defendants will continue to

28  use marks confusingly similar to Plaintiff's Duck Dive Marks and will cause

1   irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff

2   is entitled to an injunction restraining Defendants, its officers, agents, and

3   employees, and all persons acting in concert with Defendants, from engaging in

4   further acts of trademark infringement. Such harm will continue and increase until

5   Defendants are preliminarily restrained and permanently enjoined from their

6   unlawful conduct.

7        33.   Plaintiff is further entitled to recover from Defendants the gains,

8   profits, and advantages that Defendants have obtained as a result of their wrongful

9   acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits,

10  and advantages that Defendants have realized by reason of its acts of trademark

11  infringement.

12       34.   Because of the willful nature of Defendants' wrongful acts, Plaintiff is

13  entitled to an award of damages under 15 U.S.C. § 1117.

14                          **SECOND CAUSE OF ACTION**
                         **Common Law Trademark Infringement**
15                         **(Alleged Against All Defendants)**

16       35.   Plaintiff hereby incorporates by reference each and every allegation

17  contained in the paragraphs above as if fully set forth herein.

18       36.   This claim is against Defendants for common law trademark

19  infringement.

20       37.   In addition to the pending Federal applications owned by Plaintiff as

21  set forth above, Plaintiff owns and uses the Duck Dive Marks and enjoys common

22  law rights in California and throughout the United States in and to the Duck Dive

23  Marks for the goods and services set forth above, and thus these rights are senior

24  and superior to any rights which Defendants may claim in and to their infringing

25  services.

26       38.   Defendants' use of the Duck Dive Marks is intentionally designed to

27  mimic Plaintiff's services so as to likely cause confusion and has caused confusion

28  regarding the source of Defendants' services, in that consumers will be likely to

associate, or have associated such services with, as originating with, or as approved by Plaintiff, all to the detriment of Plaintiff.

39.     Defendants' infringement will continue unless enjoined.

### THIRD CAUSE OF ACTION
**False Designation of Origin Under the Lanham Act**
**(Alleged Against All Defendants)**

40.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

41.     Defendants' actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125 (a).

42.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's stylized Duck Dive Marks and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin.  Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

43.     Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of false designation of origin.

44.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of its acts of false designation

of origin.

45.     Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages and increased profits under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Common Law
### (Alleged Against All Defendants)

46.     Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

47.     Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair, or fraudulent business act or practice."

48.     Defendants' conduct constitutes unfair business acts and/or practices because Defendants have unfairly used and infringed Plaintiff's various Duck Dive Marks pursuant to the Lanham Act while engaging in a business practice, *i.e.* providing gastropub services to consumers.

49.     Defendants' conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed, advertised, sold and/or distributed services under trademarks that are confusingly similar to Plaintiff's various Duck Dive Marks.

50.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff is likely to suffer, and/or has already suffered, and is likely to continue to suffer damage to its business reputation and goodwill. Defendant will continue, unless restrained, to use the marks, and to deceptively and unfairly market, advertise, and promote its business. This will cause irreparable injury and damage to Plaintiff, to which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition. Such harm will continue and increase until

1  Defendants are preliminarily and permanently enjoined from their unlawful

2  conduct.

3      51.    Plaintiff is further entitled to recover from Defendants the actual

4  damages that it sustained and/or is likely to sustain as a result of Defendants'

5  wrongs ful acts.  Plaintiff is presently unable to ascertain the full extent of the

6  monetary damages that it has suffered and/or is likely to suffer by reason of

7  Defendants' acts of unfair competition.

8      52.    Plaintiff is further entitled to recover from Defendants the gains,

9  profits, and advantages that Defendants have obtained as a result of their wrongful

10  acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits,

11  and advantages that Defendants have realized by way of their unfair competition.

12      53.    Because of the willful nature of Defendants' wrongful acts, Plaintiff is

13  entitled to an award of punitive damages.

14                    **SIXTH CAUSE OF ACTION**
                **Unjust Enrichment Under Common Law**
15                **(Alleged Against All Defendants)**

16      54.    Plaintiff hereby incorporates by reference each and every allegation

17  contained in the paragraphs above as though fully set forth herein.

18      55.    By virtue of the egregious and illegal acts of Defendants as described

19  above, Defendants have been unjustly enriched in an amount to be proven at trial.

20      56.    Defendants' retention of monies gained through its deceptive business

21  practices, infringements, and otherwise would serve to unjustly enrich Defendants

22  and would be contrary to public policy and the interests of justice.

23                        **PRAYER FOR RELIEF**

24  **WHEREFORE,** Plaintiff prays for judgment against the Defendants, and each of

25  them, as follows:

26      1.    For damages in an amount to be proven at trial for trademark

27            infringement under 15 U.S.C. § 1114/Lanham Act § 43(a);

28      2.    For damages in an amount to be proven at trial for false designation of

origin (Federal Unfair Competition) under 15 U.S.C. § 1125(a);

3. For damages in an amount to be proven at trial for common law unfair competition;

4. For damages in an amount to be proven at trial for unfair, fraudulent, and illegal business practices under Cal. Bus. & Prof. Code § 17200;

5. For disgorgement of Defendants' profits under 15 U.S.C. § 1117(a);

6. For injunctive relief barring Defendants and their agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity, or participation with it, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's Duck Dive Marks or any confusingly similar trademarks in any way, including in advertising, promoting, or selling Defendants' products and services, which infringe upon Plaintiff's rights or compete unfairly with Plaintiff;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

9. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

10. For damages in an amount to be proven at trail for unjust enrichment;

11. For reasonable Attorneys' Fees and all costs of suit; and

12.    For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury in this action.

DATED: June 26, 2013             SAN DIEGO LAW FIRM

                                   */s/ Kristen N. Gonzales*
By:_____
                     Kristen N. Gonzales, Esq.
              Attorneys for Plaintiffs, The Duck Dive, LP

13

COMPLAINT

1

## VERIFICATION

2        I, Doug Sondomowicz, a citizen of the United States, a resident of San Diego, California,

3   and a General Partner of The Duck Dive, LP, hereby declare that I have read the foregoing

4   Complaint, and know the contents thereof.  I certify that the same is true of my own knowledge

5   except as to those matters which are therein stated upon my information and belief, and as to

6   those matters I believe them to be true.  I declare under penalty of perjury under the laws of the

7   State of California that the foregoing is true and correct.

8        Executed this / 7 day of June, 2013, at San Diego, California.

9

10

11                     Doug Sondomowicz

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT