Michaeline A. Re (CSB # 77853)
Michaeliner@earthlink.net
LAW OFFICES OF MICHAELINE A. RE
100 E. Corson Street
Third Floor
Pasadena, CA 91103
Telephone: (626) 396-9230
Facsimile: (626) 396-9430

John A. Furutani (CSB #161757)
JAFurutani@furutani-peters.com
LAW OFFICES OF JOHN A. FURUTANI
100 E. Corson Street
Third Floor
Pasadena, CA 91103
Telephone: (626) 844-2437
Facsimile: (626) 844-2442

Attorneys for defendants MICHAELINE HEYDARI and DUCK DIVE
GASTROPUB, INC.

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCK DIVE, A California Limited Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAELINE HEYDARI, individually and doing business as THE DUCK DIVE and DUCK DIVE GASTROPUB, INC., a California Corporation, doing business as DUCK DIVE GASTROPUB or DUCK DIVE GASTROPUB MALIBU; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: '13CV1477 BTM BLM <br><br> **DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Michaeline Heydari and Duck Dive Gastropub, Inc., for themselves alone, hereby answer the Complaint as follows:

1.     Answering Paragraph 1, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

2.     Answering Paragraph 2, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

3.     Answering Paragraph 3, defendants deny the allegations.

4.     Answering Paragraph 4, defendants deny the allegations.

5.     Answering Paragraph 5, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

6.     Answering Paragraph 6, defendants deny the allegations.

7.     Answering Paragraph 7, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

8.     Answering Paragraph 15, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

9.     Answering Paragraph 16, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

10.     Answering Paragraph 17, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

11.     Answering Paragraph 18, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

12.     Answering Paragraph 19, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

13.     Answering Paragraph 20, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

DEFENDANTS' ANSWER TO COMPLAINT

14.     Answering Paragraph 21, defendants admit that Duck Dive Gastropub, Inc. was formed as a California corporation in January 2013. Defendants deny the remainder of the allegations.

15.     Answering Paragraph 22, defendants admit that the corporation owns, operates, supervises and manages the restaurant, and that it became operational on or about May 11, 2013. Defendants deny the remainder of the allegations.

16.     Answering Paragraph 23, defendants admit that the application was submitted, admit that plaintiff has filed an opposition, and as for the remainder of the allegations, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

17.     Answering Paragraph 24, defendants deny the allegations.

18.     Answering Paragraph 25, defendants deny the allegations.

19.     Answering Paragraph 26, defendants deny that they were aware of the alleged news article and deny any allegation that they are leeching off of any goodwill of plaintiff. As for the remainder of the allegations, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

20.     Answering Paragraph 27, defendants deny that the marks are substantially similar or confusingly similar, and lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

21.     Answering Paragraph 28, defendants deny the allegations.

22.     Answering Paragraph 29, defendants incorporate by reference their responses to the subject paragraphs.

23.     Answering Paragraph 30, defendants deny the allegations.

24.     Answering Paragraph 31, defendants deny the allegations.

25.     Answering Paragraph 32, defendants deny the allegations.

26.     Answering Paragraph 33, defendants deny the allegations.

27.     Answering Paragraph 34, defendants deny the allegations.

28.     Answering Paragraph 35, defendants incorporate by reference their responses to the subject paragraphs.

29.     Answering Paragraph 36, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

30.     Answering Paragraph 37, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

31.     Answering Paragraph 38, defendants deny the allegations.

32.     Answering Paragraph 39, defendants deny the allegations.

33.     Answering Paragraph 40, defendants incorporate by reference their responses to the subject paragraphs.

34.     Answering Paragraph 41, defendants deny the allegations.

35.     Answering Paragraph 42, defendants deny the allegations.

36.     Answering Paragraph 43, defendants deny the allegations.

37.     Answering Paragraph 44, defendants deny the allegations.

38.     Answering Paragraph 45, defendants deny the allegations.

39.     Answering Paragraph 46, defendants incorporate by reference their responses to the subject paragraphs.

40.     Answering Paragraph 47, defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

41.     Answering Paragraph 48, defendants deny the allegations.

42.     Answering Paragraph 49, defendants deny the allegations.

43.     Answering Paragraph 50, defendants deny the allegations.

44.     Answering Paragraph 51, defendants deny the allegations.

45.     Answering Paragraph 52, defendants deny the allegations.

46.     Answering Paragraph 53, defendants deny the allegations.

DEFENDANTS' ANSWER TO COMPLAINT

47.     Answering Paragraph 54, defendants incorporate by reference their responses to the subject paragraphs.

48.     Answering Paragraph 55, defendants deny the allegations.

49.     Answering Paragraph 56, defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

50.     The Complaint, and each purported claim for relief alleged therein, fails to allege facts sufficient facts to constitute claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Abandonment, 15 USC § 1115(b)(2))

51.     Defendants allege that plaintiff, and its assignors, predecessors-in-interest, and their licensees, abandoned its trademark.

### THIRD AFFIRMATIVE DEFENSE

(Prior Use, 15 USC 1115(b)(5))

52.     Defendants used the descriptive term "Duck Dive" on packaging to describe its goods to its users prior to plaintiff's use of the mark and without knowledge of plaintiffs' prior registration and plaintiffs' use thereof.

### FOURTH AFFIRMATIVE DEFENSE

(Use of Plaintiff's Mark Violates Federal Antitrust Laws, 15 USC § 1115(b)(7))

53.     Defendants allege that plaintiff has used its trademark to violate the antitrust laws of the United States.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

54.     Defendants allege that plaintiff and its predecessors-in-interest delayed in enforcing their rights, if any, and plaintiff has only dubious title to the mark.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

55.     Defendants allege that plaintiff and its predecessors-in-interest delayed in enforcing their rights, if any, such that there is dubious likelihood of confusion between the marks as used.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands, Estoppel)

56.     Defendants allege that plaintiff and its predecessors-in-interest delayed in enforcing their rights, if any, against these defendants and/or many other users of the mark, including those registering the mark as part of another mark, misleading the public as to the existence of any trademark rights.

## EIGHTH AFFIRMATIVE DEFENSE

### (Any Damage is the Result of Acts of Others)

57.     While defendants deny that plaintiff has been damaged in any way, if it should be determined that plaintiff has been damaged, then defendants allege that such damage was not caused by defendants, but resulted from the conduct of plaintiff or others who were either not employed by defendants or acted outside the course and scope of employment, without the consent or ratification of defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Venue)

58.     Venue in any forum other than Los Angeles, California is improper and inconvenient.

## TENTH AFFIRMATIVE DEFENSE

(Fraud)

59.    Defendants are informed and believe and thereupon allege that the registration is false and was fraudulently obtained in that no product bearing the mark was in commerce as asserted.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fraud)

60.    Defendants are informed and believe and thereupon allege that the registration is false and was fraudulently obtained in that neither plaintiff nor its predecessor-in-interest disclosed the use in commerce of the mark by others.

## TWELFTH AFFIRMATIVE DEFENSE

(Fraud, Sherman Act §2)

61.    Defendants are informed and believe and thereupon allege that the registration is false and was fraudulently obtained and is an attempt to monopolize the relevant market in violation of 15 USC §2.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Free Speech)

62.    Defendants allege that plaintiff is attempting to prohibit its rights protected by the United States Constitution to free speech.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Cancellation)

63.    Defendants are informed and believe and thereupon allege that the registration should be canceled in that the mark has become abandoned pursuant to 15 USC § 1064(3).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Cancellation)

64.     Defendants are informed and believe and thereupon allege that the registration should be canceled in that the mark was obtained fraudulently pursuant to 15 USC § 1064(3).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

65.     Defendants are informed and believe and thereupon allege that the mark as used misrepresents the source of the goods or services in connection with which the mark was used.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Nominative Fair Use)

66.     Defendants are informed and believe and thereupon allege that defendants' use is a nominative fair use.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Jus Tertii)

67.     Defendants are informed and believe and thereupon allege that third parties have superior rights to the mark than plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

68.     Defendant alleges that it may have other separate and additional defenses of which they are currently not aware, and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

WHEREFORE, defendants MICHAELINE HEYDARI and DUCK DIVE GASTROPUB, INC. pray that judgment be entered against plaintiff as follows:

1.     That plaintiffs take nothing by virtue of their Complaint;

2.     That the Complaint be dismissed with prejudice;

3.    For costs of suit incurred herein, including reasonable attorneys' fees; and;

4.    For such other and further relief as the Court deems just and proper.

Dated:  August 28, 2013          LAW OFFICES OF JOHN A. FURUTANI

                                 By: _____/s/ John A. Furutani_____
                                        John A. Furutani
                                 Attorneys for defendants Michaeline Heydari
                                 and Duck Dive Gastropub, Inc.

DEFENDANTS' ANSWER TO COMPLAINT